# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

DAVID M. WISHNESKI,

        Plaintiff,

v.                                      Case No:   5:25-cv-191-GAP-PRL

CITY OF UMATILLA,

        Defendant

## ORDER TO SHOW CAUSE

This cause came before the Court for consideration *sua sponte* upon the filing of Defendant's Notice of Removal. *See* Doc. 1.

### I.  Background

Plaintiff David M. Wishneski ("Plaintiff") first initiated this lawsuit in state court on August 22, 2019, asserting only common law claims. Doc. 1 at 2, n. 2. His First Amended Complaint, filed in 2020, likewise did not contain any federal claims. *Id.*

On January 3, 2025, however, Plaintiff moved in state court to file a Second Amended Complaint ("SAC"), adding a claim under 42 U.S.C. § 1983 for the first time. *See id.*; Doc. 1-1 at 12. Plaintiff's SAC seeks declaratory and injunctive relief, along with damages, for Defendant City of Umatilla's ("Defendant's") alleged

violations of the Florida and U.S. constitutions and the Florida Deceptive and Unfair Trade Practices Act. Doc. 1-1, ¶ 1. Defendant has allegedly restricted Plaintiff's access to the Umatilla Municipal Airport via its failure to maintain a gate which allows him (and others) access from his contiguous property, where he has a hangar. *Id.*, ¶¶ 5-30.

On February 12, 2025, the state court held a hearing on Plaintiff's Motion for Leave to File SAC. Doc. 1-2. On March 3, 2025, the state court published an order stating unequivocally that "Plaintiff's [SAC] attached as an exhibit to his Motion is deemed filed on the date of the hearing." *Id.*

## II.   Legal Standard

The removal statute, 28 U.S.C. § 1446, provides that a defendant may only remove a case within thirty days of receiving "the initial pleading setting forth the claim for relief upon which such action…is based." In a case not originally removable, a defendant may remove within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which ... has become removable." 28 U.S.C. § 1446(b)(3).

Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing party bears the burden of demonstrating that removal was proper. *Id.*

### III. Analysis

Defendant asserts that removal is timely pursuant to "the order of the [state] court that deemed Plaintiff's [SAC] filed on March 3, 2025." Doc. 1 at 6. But the attached order plainly states that Plaintiff's SAC was deemed filed "on the date of the hearing"—which appears to have been February 12, 2025. Doc. 1-1 at 1. Therefore, Defendant had until March 14, 2025, to timely remove the case to federal court. Because it did not do so until March 24, 2025, removal appears to be untimely under § 1446(b)(1).[1] *See also* Doc. 1.

### IV. Conclusion

Accordingly, Defendant is hereby **ORDERED to SHOW CAUSE in writing** why this case should not be remanded to state court by **April 1, 2025**.

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court's assessment is bolstered by the fact that, despite the state court's order deeming the Second Amended Complaint ("SAC") filed on the date of the hearing, Defendant has likely had notice of the SAC since at least January 3, 2025, when it appears to have been filed. *See* Doc. 1 at 6; Doc. 8 at 141-42.

Copies furnished to:

Counsel of Record
Unrepresented Parties